THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EC EDWARD COBB,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　　Respondents. | CASE NO. C20-0608-JCC<br><br>ORDER |

This matter comes before the Court on the Report and Recommendation (R&R) of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 12) and on Petitioner EC Edward Cobb's motion for an extension of time, appointment of counsel, and subpoenas (Dkt. No. 16). Having thoroughly considered the R&R, Mr. Cobb's motion, and the relevant record, the Court ADOPTS the R&R (Dkt. No. 12) with modification, DISMISSES Mr. Cobb's 28 U.S.C. § 2241 petition with leave to file an amended petition under 28 U.S.C. § 2254, and GRANTS in part and DENIES in part Mr. Cobb's motion (Dkt. No. 16).

I.　　BACKGROUND

Mr. Cobb filed this 28 U.S.C. § 2241 habeas action *pro se* and *in forma pauperis* (IFP). (Dkt. Nos. 1, 7, 8, 9.) When Mr. Cobb filed his petition, he was incarcerated in state prison pursuant to a state court judgment. (*Id.*) Judge Theiler declined to serve Mr. Cobb's § 2241 petition because § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in

custody pursuant to a state court judgment. (Dkt. Nos. 8, 10.) Judge Theiler gave Mr. Cobb until August 31, 2020 to file an amended habeas petition under § 2254. (Dkt. No. 10 at 2). By the time of Judge Theiler's ruling, it appears Mr. Cobb was living in the community on supervised release. (*See* Dkt. No. 11.) He failed to timely file an amended petition, and Judge Theiler recommended that the Court dismiss his § 2241 petition for failure to state a claim upon which relief may be granted. (Dkt. No. 12 at 2.)

After Judge Theiler issued her Report and Recommendation, Mr. Cobb submitted a motion for an extension of time to file his § 2254 petition because he had been returned to confinement and, as a result, had not been able to timely respond to the Court's Order. (Dkt. No. 13 at 1.) The Court found good cause, re-noted the R&R for December 18, 2020, and gave Mr. Cobb until that date to file an amended petition. (Dkt. No 13.) Mr. Cobb now moves for a second extension of time. (Dkt. No. 16.) He is currently confined at the King County Jail, only received *pro se* legal supplies on December 9, 2020, and has not been able to access the appropriate court form and litigation manual. (*Id.* at 1.) He also asks for a public defender and discovery. (*Id.*)

## II.     DISCUSSION

### A.     Report & Recommendation

Judge Theiler recommends dismissing Mr. Cobb's § 2241 petition and entering judgment in this action. (Dkt. No. 12 at 2.) Mr. Cobb has not filed formal objections, but he has asked for additional time to file an appropriate § 2254 petition. (Dkt. No. 16.)

The Court agrees with Judge Theiler that Mr. Cobb's 28 U.S.C. § 2241 petition is subject to dismissal. Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such as pretrial detention or awaiting extradition. *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc)). In contrast, when a prisoner is in custody pursuant to a state court judgment, § 2254 is the only habeas remedy available for any challenge to his detention, regardless of the

nature of such a challenge. *White*, 370 F.3d at 1009–10. In his petition, Mr. Cobb indicated that he was incarcerated pursuant to a state court judgment. Therefore, a § 2254 petition is his only avenue to seek habeas relief. Even construing his petition as a § 2254 petition, however, he has failed to state a claim. Under § 2254, a habeas petition may be entertained "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." Mr. Cobb's petition does not identify any such grounds. (Dkt. No. 9 at 3–4.)

Therefore, the Court ADOPTS the R&R and DISMISSES Mr. Cobb's petition with one modification: instead of entering judgment, the Court will grant Mr. Cobb leave to file an amended petition. Although the Court has given Mr. Cobb two prior opportunities to file an amended petition, the Court finds good cause for one additional extension of time given the circumstances of Mr. Cobb's confinement at the King County jail and his lack of access to legal forms. Mr. Cobb's motion for an extension of time to file a § 2254 petition is therefore GRANTED. But as Mr. Cobb has already been given multiple opportunities to amend, the Court will not be inclined to grant any further extensions of time without a showing of extraordinary circumstances. Mr. Cobb must file an amended habeas petition by January 20, 2021. If he fails to do so, the Court will dismiss this action and enter judgment.[1]

### B. Motion for Appointment of Counsel

Mr. Cobb asks the Court to appoint counsel to assist him in filing his 28 U.S.C. § 2254 petition. (Dkt. No. 16 at 1.) A petitioner does not have a right to counsel in cases brought under § 2254 unless an evidentiary hearing is required. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1991), *cert. denied*, 503 U.S. 1011 (1992); Rule 8(c) of the Rules Governing Section § 2255 Cases in the United States District Courts. The Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A.

---

[1] Mr. Cobb also asks for an extension of time to file his IFP application, but this request is moot because Mr. Cobb already filed an IFP application, which the Court granted. (Dkt. No. 8.)

Mr. Cobb has not put forward facts or circumstances to satisfy the Court that the interests of justice are best served by appointment of counsel at this juncture as he has yet to file a § 2254 petition outlining the basis for his claims. Mr. Cobb may renew his request for counsel after filing a § 2254 petition. If the Court determines an evidentiary hearing is appropriate, Mr. Cobb will be appointed counsel if he qualifies financially. *See* Rule 8(c) of the Rules Governing Section § 2255 Cases in the United States District Courts.

### C.     Motion for Discovery

Mr. Cobb also requests "subpoenas of video footage and evidence." (Dkt. No. 16 at 1.) In a habeas proceeding, a party may invoke the discovery process only to the extent that the Court finds good cause shown. FED. R. GOVERNING § 2254 CASES R. 6(a); *see Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). To show good cause, a petitioner must set forth specific facts showing discovery is appropriate in the particular case. *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3rd Cir. 1994). Mr. Cobb has not shown good cause, but he may renew his request after filing a § 2254 petition outlining the basis for his claims.

### III.    CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R (Dkt. No. 12) with the modification described herein and GRANTS in part and DENIES in part Mr. Cobb's motion (Dkt. No. 16). The Court further ORDERS:

1. Mr. Cobb's 28 U.S.C. § 2241 petition is DISMISSED with leave to file an amended 28 U.S.C. § 2254 petition.
2. Mr. Cobb must file the amended 28 U.S.C. § 2254 petition by January 20, 2021. Otherwise, the Court will dismiss this action without further leave to amend.
3. The Clerk is respectfully DIRECTED to send a copy of this order along with a blank 28 U.S.C. § 2254 form and a copy of the Western District of Washington Prisoner

Litigation Manual to Mr. Cobb.

4. Mr. Cobb's requests for counsel and discovery are DENIED without prejudice.

DATED this 23rd day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE