UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EC EDWARD COBB,

                Petitioner,

     v.

DEPARTMENT OF CORRECTIONS,

                Respondent.

Case No. C20-00608-JCC-SKV

REPORT AND RECOMMENDATION

Petitioner, EC Edward Cobb, proceeds *pro se* and *in forma pauperis* in this 28 U.S.C. § 2254 federal habeas action. The Petition has not been served. For the reasons below, the Court recommends that the Petition be DISMISSED without prejudice.

        I.        FACTUAL AND PROCEDURAL HISTORY

Petitioner commenced the instant action by filing a 28 U.S.C. § 2241 habeas petition. Dkt. 9. While the basis for Petitioner's claims were unclear from his original petition, he did indicate that he was a state prisoner. *Id.* Accordingly, by order dated July 29, 2020, the Court declined to serve the Petition noting that 28 U.S.C. § 2241 was not applicable to state prisoners and that "when a prisoner is in custody pursuant to a state court judgment, 28 U.S.C. § 2254 constitutes his only habeas remedy for any challenge to his detention, regardless of the nature of such a challenge."

REPORT AND RECOMMENDATION - 1

1 | *See* Dkt. 10, (citing *White v. Lambert*, 370 F.3d 546 (9th Cir. 2010) (en banc)). The Court granted
2 | Petitioner leave to file a § 2254 petition within 30 days of the date of the Court's order. *Id.*
3 |       Petitioner failed to respond to the Court's order and on September 23, 2020, the Court
4 | issued a Report and Recommendation recommending that the § 2241 petition be denied for failure
5 | to state a claim and that the action be dismissed. Dkt. 12. Petitioner subsequently requested an
6 | extension of time to file an amended petition which was granted by the Hon. John C. Coughenour.
7 | Dkts. 13, 15. By order dated December 23, 2020, Judge Coughenour adopted the Report and
8 | Recommendation and dismissed the § 2241 petition but granted Petitioner leave to file a § 2254
9 | Petition by January 20, 2021. Dkt. 18. On January 21, 2021, Petitioner filed a § 2254 petition. Dkt.
10 | 20. By minute order dated February 18, 2021, Judge Coughenour referred the matter back to the
11 | undersigned. Dkt. 22.
12 |       On March 9, 2021, the Court reviewed Petitioner's § 2254 Petition and issued an Order to
13 | Show Cause noting that it appeared Petitioner was attempting to challenge the conditions of his
14 | confinement, not the fact or duration of his confinement. Dkt. 26. Accordingly, the Court directed
15 | Petitioner to show cause by April 23, 2021, why the Petition should not be dismissed for failure to
16 | state a cognizable 28 U.S.C. § 2254 claim. *Id.* On March 15, 2021, Petitioner filed what appeared
17 | to be a response to the Order to Show Cause indicating that due COVID restrictions at the treatment
18 | center where he was housed he was having difficulty accessing a law library or performing legal
19 | research and asking the Court for leave to amend. Dkt. 27. Petitioner subsequently filed another
20 | letter in which he indicated he had not received anything from the Court since February 2021 and
21 | indicating that he was now being housed at the King County Correctional Facility. Dkt. 29. Based
22 | on Petitioner's letter it was unclear whether he, in fact, received the Court's March 9, 2021 Order
23 | to Show Cause. Accordingly, by order dated April 30, 2021, the Court again directed Petitioner to

show cause why his Petition should not be dismissed for failure to state a cognizable 28 U.S.C. § 2254 claim, and extended his time to respond to May 31, 2021. Dkt. 31. The Court also noted that because Petitioner was no longer housed at the treatment facility and was now being housed at King County Correctional Facility it would appear his complaints regarding lack of law library access at the treatment facility were now moot or no longer relevant. *Id.*

On June 1, 2021, Petitioner filed a "response" to the Court's Order to Show Cause which consists of approximately 75 pages of medical records. Dkt. 34. Petitioner states these medical records "show cause" but provides no further explanation. *Id.*

## II.   DISCUSSION

Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under Title 28 U.S.C. Section 2254, a federal court shall entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

In his § 2254 petition, Petitioner clarified, to some extent, the basis for his claims for the first time. Dkt. 12. In Ground One, petitioner appears to allege that Department of Corrections (DOC) staff failed to properly and adequately respond to his medical grievances related to his epilepsy and neck sprain/cervical damage which he alleges causes him severe pain and requires surgery. *Id.*, at 4-5. He claims DOC staff's failure to properly respond to his grievances on these issues constituted a violation of his "constitutional/procedural due process/discriminatory violation of due process" under the Eighth, Fourteenth, and Fifth Amendments. *Id.* In Ground Two Petitioner alleges DOC staff were deliberately indifferent to his serious medical need related to his epilepsy and need for surgery by failing to investigate his complaints in violation of the Eighth and Fourteen Amendment. *Id.*, at 7-8. In Ground Three Petitioner alleges he was left on the floor for hours following "a few" epileptic seizures which resulted in a sprained neck/cervical damage and severe pain. *Id.*, at 9-10. He alleges he was left on the floor without a shower, threatened by staff, his pain medication was maliciously discontinued, he was denied urgent aid or acknowledgment from the DOC grievance program, and was ignored for 5 months. *Id.* Petitioner appears to indicate that copies of the grievances he filed related to these issues were also filed in a separate § 1983 action pending in this court under Case No. 20-cv-607-BJR-MLP. *Id.* As relief, Petitioner requests injunctive relief in the form of medical care to address his current medical needs, declaratory relief, and monetary damages. *Id.*, at 16.

Here, it is clear from the face of the Petition that Petitioner is not entitled to federal habeas relief for the claims he asserts. Petitioner challenges only the conditions of his confinement, alleging Eighth, Fourteenth, and Fifth Amendment violations. But Petitioner's challenges to the conditions of his physical confinement are properly raised in a § 1983 complaint, not a § 2254 habeas petition. Petitioner was notified of these deficiencies in his Petition. *See* Dkts. 26, 31. In

REPORT AND RECOMMENDATION - 4

response, Petitioner filed approximately 75 pages of medical records. Dkt. 34. Petitioner states these medical records "show cause" but he provides no further explanation. *Id.* Furthermore, the medical records appear to relate to his conditions of confinement claims and do not address his failure to state a cognizable § 2254 claim. *Id.* Accordingly, the Petition should be dismissed without prejudice due to Petitioner's failure to state a cognizable 28 U.S.C. § 2254 claim.[1]

The Court also notes that Petitioner currently has an active 42 U.S.C. § 1983 case, which he references in his Petition, and in which he appears to raise similar if not identical claims to those raised in the instant Petition. *See Cobb v. South Correctional Entity, et al.*, No. 20-cv-607-BJR-MLP. Dismissal of the federal habeas Petition without prejudice here will not prevent Petitioner from pursuing his conditions of confinement claims either in his current ongoing § 1983 action or, if appropriate, in a separate § 1983 action.

Finally, the Court notes that Petitioner has been given several opportunities and a significant amount of time to remedy or address the deficiencies in his Petition and as failed to do so. Accordingly, the Court recommends that Petitioner not be granted further leave to amend his Petition.

//

//

---

[1] The Court notes that Petitioner has named only the Department of Corrections, which is not the proper respondent in a 28 U.S.C. § 2254 action. A petitioner who is currently in custody under a state court judgment must name as the respondent the state officer having custody of him or her. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Typically, this person is the warden of the facility in which the petitioner is incarcerated. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). If the petitioner is challenging a sentence that may result in *future* confinement, the petitioner must name the person having current custody of the prisoner and the state attorney general. Rule 2(b) of Rules Governing Section 2254 Cases; *Belgarde v. Montana,* 123 F.3d 1210, 1212 (9th Cir. 1997). Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. *Stanley*, 21 F.3d at 360.

III.   CONCLUSION

The Court recommends Petitioner's habeas petition and this action be DISMISSED without prejudice and the case be closed. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 23, 2021**.

Dated this 29th day of June, 2021.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6