THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EC EDWARD COBB,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　　Respondents. | CASE NO. C20-0608-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner EC Edward Cobb's motion to accept untimely objections to the Report and Recommendation (Dkt. Nos. 40, 40-1). Having thoroughly considered the motion and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

**I.　　BACKGROUND**

In July 2020, Petitioner EC Edward Cobb filed a 28 U.S.C. § 2241 habeas petition. (Dkt. No. 9.) Mr. Cobb did not make clear the factual or legal basis for his claims but did indicate that he was a state prisoner. (*Id.*) Accordingly, the Court issued an order explaining that when a prisoner is in custody pursuant to a state court judgment, 28 U.S.C. § 2254 constitutes his only habeas remedy for any challenge to his detention. (Dkt. No. 10.) The Court granted Mr. Cobb leave to file a section 2254 petition. (Dkt. Nos. 10, 18.)

Mr. Cobb filed a section 2254 petition in January 2021, clarifying the basis of his claims.

(Dkt. No. 20.) In his section 2254 petition, he alleged, among other things, that Department of Corrections staff have been deliberately indifferent to his serious medical needs related to his epilepsy and neck sprain/cervical damage which cause him severe pain and require surgery. (*Id.* at 3–13.) The Court issued an order explaining that Mr. Cobb is not entitled to federal habeas relief for the claims he asserts. (Dkt. No. 26.) His claims are challenges to the conditions of his confinement, and such challenges are properly raised in a 42 U.S.C. § 1983 complaint and not cognizable in a section 2254 habeas petition. (*Id.* at 3–4.) The Court ordered him to show cause why his petition should not be dismissed. (*Id.* at 4.) He filed a response consisting of approximately 75 pages of medical records. (Dkt. No. 27.)

The Honorable S. Kate Vaughan, United States Magistrate Judge, recommended the Court dismiss Mr. Cobb's habeas action because his response did not address his failure to state a cognizable section 2254 claim. (Dkt. No. 35.) Mr. Cobb did not timely file objections, and on July 26, 2021, the Court adopted the R&R, dismissed his petition, and entered judgment. (Dkt. Nos. 38, 39.) Mr. Cobb has now filed objections. (Dkt. No. 40.) He asks the Court to accept his untimely objections because, although he timely attempted to mail them to the Court, they were returned to him by the jail for being in an improper envelope and he had to send them again. (Dkt. No. 40-1.)

**II.    DISCUSSION**

Because Mr. Cobb's motion was filed after the Court dismissed his petition and entered judgment, the Court liberally construes the motion as one seeking relief from a judgment under Federal Rule of Civil Procedure 60(b). *See Harvest v. Castro*, 531 F.3d 737, 745–46 (9th Cir. 2008) ("Nomenclature is not important. The label or description that a party puts on its motion does not control whether the party should be granted or denied relief."); *Borallo v. Reyes*, 763 F.2d 1098, 1101 (9th Cir. 1985) ("Since 'nomenclature is not controlling,' a court must construe whether a motion, however styled, is appropriate for the relief requested.") (citation omitted).

Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of

exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). Under Rule 60(b), the Court may grant relief from a judgment upon a showing of (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. The last ground is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw*, 452 F.3d at 1103).

The Court finds that Mr. Cobb has not established any of the grounds for relief under Rule 60(b). And even if the Court were to vacate its prior judgment and accept Mr. Cobb's untimely objections, doing so would not change the outcome of the case. At the time of its order and judgment, the Court thoroughly reviewed Judge Vaughan's R&R and the relevant record and determined that Judge Vaughan's reasoning was sound. The Court has now also reviewed Mr. Cobb's objections (Dkt. No. 40). They primarily reiterate the arguments he made in his petition and response to the Court's order to show cause and do not demonstrate any error in the Court's judgment.

**III.  CONCLUSION**

For the foregoing reasons, Petitioner's motion (Dkt. Nos. 40, 40-1) is DENIED.

DATED this 13th day of August 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE